AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of West Virginia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| CHARLES EDWARD GRAVES, JR. | ) | Case Number: 3:18-00070-11 |
| | ) | USM Number: 65579-060 |
| | ) | Louie Thompson Price |
| | ) | Defendant's Attorney |

**FOR RETURN**

## THE DEFENDANT:

☑ pleaded guilty to count(s)   single count indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute a Quantity of Heroin | 02/2018 | 1 |

   The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/26/2018
Date of Imposition of Judgment

/s/ Robert C. Chambers

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

11/27/2018
Date

A TRUE COPY CERTIFIED ON
11/27/2018
[Date]

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

By:/s/Jennifer Adkins Deputy

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: CHARLES EDWARD GRAVES, JR.
CASE NUMBER: 3:18-00070-11

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

18 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be housed as close to Phoenix, AZ, as possible;
that the defendant be allowed to participate in a drug abuse treatment program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

**FILED**
JAN 16 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## RETURN

I have executed this judgment as follows:

Defendant delivered on Dec. 27, 2018 to FCI Safford at Safford, AZ, with a certified copy of this judgment.

Christian Burch, Warden
UNITED STATES MARSHAL

By Dana Herman, SCSS
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: CHARLES EDWARD GRAVES, JR.
CASE NUMBER: 3:18-00070-11

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: CHARLES EDWARD GRAVES, JR.
CASE NUMBER: 3:18-00070-11

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

Case 3:18-cr-00070 Document 576 Filed 01/16/19 Page 5 of 7 PageID #: 2469
Case 3:18-cr-00070 Document 509 Filed 11/27/18 Page 5 of 7 PageID #: 1952
AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: CHARLES EDWARD GRAVES, JR.
CASE NUMBER: 3:18-00070-11

## SPECIAL CONDITIONS OF SUPERVISION

The defendant will participate in a program of testing, counseling and treatment for drug and alcohol abuse as directed by the probation officer.

The defendant is not a legal resident of the Southern District of West Virginia, therefore, the period of supervised release is to be administered by the district where the defendant is a legal resident and/or the district where a suitable release plan has been developed.

The defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

3) As directed by the probation officer, the defendant will make copayments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: CHARLES EDWARD GRAVES, JR.
CASE NUMBER: 3:18-00070-11

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine | Restitution |
|--------|------------|------------------|------|-------------|
| TOTALS | $ 100.00   | $                | $    | $           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
| TOTALS        | $ 0.00       | $ 0.00              |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Case 3:18-cr-00070   Document 500   Filed 11/27/18   Page 7 of 7 PageID #: 1964

DEFENDANT: CHARLES EDWARD GRAVES, JR.
CASE NUMBER: 3:18-00070-11

Judgment—Page 7 of 7

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The special assessment will be paid through participation in the Inmate Financial Responsibility Program.

Pursuant to the plea agreement and preliminary order of forfeiture entered on August 27, 2018, the defendant shall forfeit any and all interest in $939.00 in U.S. Currency to the United States.